**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**ARCHIE D. GRAHAM and
LINDA GRAHAM**                                                                                  **PLAINTIFFS**

**VERSUS**                                              **CIVIL ACTION NO.: 2:07cv113KS-MTP**

**AMERICAN BANKERS INSURANCE
COMPANY and GREEN TREE
SERVICING, LLC**                                                                              **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

      This matter is before the court on the defendants' separate Motions to Compel Arbitration and/or Dismiss **[#s 6 & 8]**.  The court, having reviewed the motions, the responses, the pleadings and exhibits on file, and being otherwise fully advised in the premises finds that the motions are well taken and should be granted.  The court specifically finds as follows:

**FACTUAL BACKGROUND**

      On or about May 19, 1997, Archie D. Graham and Linda Graham purchased a mobile home from Napier's mobile homes in Hattiesburg, Mississippi.  The plaintiffs secured financing of the loan through Green Tree Financial Services Corporation ("Green Tree").  In April of 2004, the plaintiffs purchased mobile home insurance coverage through American Bankers Insurance Company ("American Bankers").  In April of 2005, the plaintiffs renewed their mobile home insurance coverage through

American Bankers.

On August 29, 2005, the plaintiffs suffered damage to their mobile home as the result of Hurricane Katrina and subsequently filed a claim with American Bankers. American Bankers asserts that it paid the claim submitted by the plaintiffs in the amount of $12,020.12 and issued a check payable to "Linda Graham, Green Tree Servicing, LLC and Archie D. Graham." This check was apparently sent to Green Tree.

The plaintiffs allege that they secured a contractor to repair their roof and paid him in full for the work. They then requested reimbursement from Green Tree from the proceeds of the insurance check from American Bankers. Green Tree was allegedly very unresponsive and dilatory in complying with the plaintiffs' request to reimburse the plaintiffs on the claim submitted for the repair of their roof. After the dispute arose regarding the manner of payment of the claim, Green Tree apparently partially reimbursed the plaintiffs but allegedly improperly withheld the bulk of the insurance proceeds.

After being unable to amicably resolve the dispute, the plaintiffs filed this action in the Circuit Court of Lamar County, Mississippi on April 25, 2007. The state court complaint alleges negligent and intentional breach of contract and asserts bad faith and gross negligence on the part of the defendants in dealing with this situation. The plaintiffs asked for actual damages of $7,507.10 and punitive damages of $10,000,000, or more. The defendants timely removed the action to this court on June 5, 2007, asserting diversity jurisdiction under 28 U.S.C. § 1332(a). Asserting that there are arbitration clauses in each of the relevant agreements between the defendants and the plaintiffs, they have now moved to compel arbitration and for dismissal of this action.

## **THE ARBITRATION CLAUSES**

The insurance policy purchased by the plaintiffs through American Bankers included an endorsement entitled "Arbitration Clause Endorsement" ("the Arbitration Agreement"). According to American Bankers, the Arbitration Agreement encompasses all of the claims that are now asserted in the instant action. The Arbitration Agreement provides, in pertinent part, as follows:

ARBITRATION CLAUSE ENDORSEMENT

It is understood and agreed that the policy is qualified with respect to the following:

ANY AND ALL DISPUTES, CONTROVERSIES OR CLAIMS OF ANY KIND AND NATURE, BETWEEN THE POLICYHOLDER AND THE INSURER ARISING OUT OF OR IN ANY WAY RELATED TO THE VALIDITY, INTERPRETATION, PERFORMANCE OR BREACH OF ANY PROVISION OF THIS POLICY, AND UPON WHICH A SETTLEMENT HAS NOT BEEN REACHED BY HE POLICYHOLDER AND THE INSURER, SHALL BE RESOLVED, EXCLUSIVELY, BY ARBITRATION IN ACCORDANCE WITH THE FEDERAL ARBITRATION ACT (9 U.S.C. SECTION 1 ET SEQ).

The plaintiffs also entered into an arbitration agreement with defendant Green Tree, which was contained in the manufactured home retail installment contract and security agreement entered into between the plaintiffs and Green Tree on May 19, 1997. The Arbitration Provision of Green Tree provides in pertinent part:

All disputes, claims or controversies arising from or relating to this Contract or the parties thereto shall be resolved by binding arbitration by one arbitrator selected by Assignee with consent of Buyer(s). This agreement is made pursuant to a transaction in interstate commerce and shall be governed by the Federal Arbitration Act at 9 U.S.C. Section 1. Judgment upon the award rendered may be entered in any court having jurisdiction. The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have a right to litigate disputes in court but that they prefer to resolve their disputes through arbitration, except as provided herein. THE PARTIES

> VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY MAY HAVE TO A JURY TRIAL EITHER PURSUANT TO ARBITRATION UNDER OR PURSUANT TO A COURT ACTION BY ASSIGNEE (AS PROVIDED HEREIN). The parties agree and understand that all disputes arising under case law, statutory law and all other laws including, but not limited to , all contract, tort and property disputes will be subject to binding arbitration in accord with this Contract. These powers shall include all legal and equitable remedies, including, but not limited to, money damages, declaratory relief, non-judicial relief to enforce a security agreement relating to the Manufactured Home secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation secured by the Manufactured Home or to foreclose on the Manufactured Home. This institution and maintenance of a lawsuit to foreclose upon any collateral, to obtain a monetary judgment or to enforce the security agreement shall not constitute a waiver of the right of the party to compel arbitration regarding any other dispute or remedy subject to arbitration in this Contract, including the filing of a counterclaim in a suit brought by Assignee pursuant to this provision.

## **ARBITRATION STANDARD**

The Federal Arbitration Act (FAA) provides that a written agreement to arbitrate in a contract involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  Controlling case law makes it clear that the FAA expresses a strong national policy in favor of arbitration, and any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.  *Southland v. Keating*, 465 U.S. 1, 10 (1983); *Mouton v. Metropolitan Life Ins. Co.*, 147 F.3d 453, 456 (5th Cir. 1998).  This court, in other cases, has recognized the strong federal policy favoring enforcement of arbitration agreements, and is acutely aware of the Supreme Court's requirement "that [courts] 'rigorously enforce agreements to arbitrate.'"  *Shearson/American Express Inc. v. McMahon*, 482 U.S. 220, 226 (1987) (quoting *Moses H. Cone Memorial Hosp. v.*

*Mercury Const. Corp.*, 460 U.S. 1, 24 (1983). The FAA contemplates that parties who are aggrieved by another party's failure to arbitrate under a written agreement, may file a motion to stay the trial of an action until such arbitration has been had in accordance with the terms of the agreement. 9 U.S.C. § 3.

As provided for in Section 2 of the FAA, the contract in dispute must evidence a transaction involving interstate commerce and the Supreme Court has recognized that Congress, in enacting the Federal Arbitration Act, meant to exercise the full extent of its powers under the Commerce Clause of the Constitution to ensure that the FAA applies to any arbitration contract involving interstate commerce. *Allied-Bruce Terminix Companies Inc. v. Dobson*, 513 U.S. 265, 130 L. Ed. 2d 753 (1995).

To determine whether parties should be compelled to arbitrate involves a two-step inquiry. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257-58 (5th Cir. 1996). First, the court must determine whether the parties agreed to arbitrate the dispute at issue. *Id.* at 258. This determination involves two additional considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement. *Id.* Once the court finds that the parties agreed to arbitrate, it must then determine whether any legal constraints external to the parties' agreement foreclose the arbitration of the claims involved. *Id.*

When "all the claims involved in an action are arbitrable, a court may dismiss the action instead of staying it." *Smith v. The Equitable*, 209 F.3d 268, 272 (3rd Cir. 2000) (quoting *Seus v.John Nuveen & Co., Inc.*, 146 F.3d 175, 179 (3rd Cir. 1998). District courts have discretion to dismiss cases in favor of arbitration under 9 U.S.C. § 3. *Alford*

*v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992).  Thus, the defendants submit that if the court determines that all of the plaintiffs' claims must be submitted to arbitration, the court should then, pursuant to Fed. R. Civ. P. 12(b)(6), dismiss all claims asserted by the plaintiffs in this action.

## **ANALYSIS**

The only substantive defenses to the arbitration arguments presented by the plaintiffs are: 1) that the plaintiffs did not enter a contract with the present entity known as Green Tree; and 2) that the policy issued to the plaintiffs by American Bankers did not contain the arbitration endorsement.  Both arguments are quickly dispatched.

As to the first defense, Green Tree has presented unrefuted evidence that it is the successor in interest of the Green Tree entity with which the plaintiffs entered their original financing agreement.  The evidence shows that there have been two name changes since the plaintiffs signed their original financing agreements but the present Green Tree is clearly the successor in interest to the original Green Tree entity and entitled to enforce all agreements entered between the plaintiffs and the original Green Tree entity.

As to the second defense, the plaintiffs have presented what they contend was the policy issued to them.  It is not.  The documents presented are actually an offer from American Bankers to exchange the Mobile Home coverage policy belonging to the plaintiffs with a Homeowner's type policy.  This option was never accepted by the plaintiffs.  The Mobile Home Policy produced by American Bankers as belonging to the plaintiffs clearly contained the arbitration endorsement and the plaintiffs are subject

thereto.

## **CONCLUSION**

Based on the foregoing, the court finds that there is a binding arbitration agreement between the plaintiffs and each of the defendants.  Further, all of the claims asserted by the plaintiffs clearly fall within the parameters of the arbitration agreements.  Therefore, the defendants are entitled to an order from this court compelling the parties to arbitration.  Additionally, since all claims are subject to arbitration, the court elects to dismiss this action, without prejudice to a future enforcement action related to any arbitration award.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendants' separate Motions to Compel Arbitration and/or Dismiss **[#s 6 & 8]** are Granted and the parties are compelled to arbitrate all disputes between them related to the present claims.

IT IS FURTHER ORDERED AND ADJUDGED this matter is dismissed without prejudice and that any other pending motions are denied as moot.

A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 7th day of December, 2007.

           *s/Keith Starrett*
           UNITED STATES DISTRICT JUDGE