IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ARCHIE D. GRAHAM and
LINDA GRAHAM                                                                         PLAINTIFFS

VERSUS                                        CIVIL ACTION NO.: 2:07cv113KS-MTP

AMERICAN BANKERS INSURANCE
COMPANY and GREEN TREE
SERVICING, LLC                                                                      DEFENDANTS

**ORDER**

This matter is before the court on the defendants' Motions to Dismiss and Strike Amended Complaint **[#s 28, 29 & 30]**.  The court, having reviewed the motions, the pleadings and exhibits on file, and being otherwise fully advised in the premises finds that the motions are well taken and should be granted.  The court specifically finds as follows:

**FACTUAL BACKGROUND**

On or about May 19, 1997, Archie D. Graham and Linda Graham purchased a mobile home from Napier's mobile homes in Hattiesburg, Mississippi.  The plaintiffs secured financing of the loan through Green Tree Financial Services Corporation ("Green Tree").  In April of 2004, the plaintiffs purchased mobile home insurance coverage through American Bankers Insurance Company ("American Bankers").  In April of 2005, the plaintiffs renewed their mobile home insurance coverage through American Bankers.

On August 29, 2005, the plaintiffs suffered damage to their mobile home as the

result of Hurricane Katrina and subsequently filed a claim with American Bankers. American Bankers asserts that it paid the claim submitted by the plaintiffs in the amount of $12,020.12 and issued a check payable to "Linda Graham, Green Tree Servicing, LLC and Archie D. Graham."  This check was apparently sent to Green Tree.

The plaintiffs allege that they secured a contractor to repair their roof and paid him in full for the work.  They then requested reimbursement from Green Tree from the proceeds of the insurance check from American Bankers.  Green Tree was allegedly very unresponsive and dilatory in complying with the plaintiffs' request to reimburse the plaintiffs on the claim submitted for the repair of their roof.  After the dispute arose regarding the manner of payment of the claim, Green Tree apparently partially reimbursed the plaintiffs but allegedly improperly withheld the bulk of the insurance proceeds.

After being unable to amicably resolve the dispute, the plaintiffs filed this action in the Circuit Court of Lamar County, Mississippi on April 25, 2007.  The state court complaint alleged negligent and intentional breach of contract and asserts bad faith and gross negligence on the part of the defendants in dealing with this situation.  The plaintiffs asked for actual damages of $7,507.10 and punitive damages of $10,000,000, or more.  The defendants timely removed the action to this court on June 5, 2007, asserting diversity jurisdiction under 28 U.S.C. § 1332(a).  Asserting that there were arbitration clauses in each of the relevant agreements between the defendants and the plaintiffs, the defendants moved to compel arbitration and for dismissal of this action.  The court granted the motion to compel arbitration and dismissed this action on December 7, 2007.

On December 13, 2007, the plaintiffs' counsel wrote defense counsel, advising that "[i]n light of Judge Starrett's decision in this matter, I will be filing for arbitration." Following receipt of plaintiffs' counsel's letter, defense counsel wrote plaintiffs' counsel on December 19, 2007, and informed him that the defendants exercised their rights under the Arbitration Clause to select an arbitrator and asked the plaintiffs' counsel to advise if this arbitrator was acceptable. Under the Arbitration Clause, the plaintiffs had the right to accept or reject the defendants' chosen arbitrator. The plaintiffs' counsel failed to respond to this letter or take any other action to pursue arbitration of the plaintiffs' claims until the plaintiffs filed a formal arbitration Complaint with the American Arbitration Association ("AAA") over eight months later on August 1, 2008.

Defense counsel objected to the AAA forum on August 5, 2008, since the Arbitration Clause provided for the selection of a single arbitrator by the defendants with the approval of the plaintiffs. On August 12, 2008, the AAA rejected the plaintiffs' request for arbitration because the Arbitration Clause does not comply with the AAA policy on consumer arbitration claims and because the defendants objected to the forum. On August 27, the plaintiffs' counsel wrote defense counsel demanding to know the forum before which the arbitration was to be conducted and threatening to file an amended complaint in federal court. Defense counsel responded on August 29 that the Arbitration Clause provided that it select the arbitrator with approval of the plaintiffs, and named an arbitrator and requested the plaintiffs' approval or rejection. Instead of responding to the selection of an arbitrator as provided in the contract, on that same day, the plaintiffs' counsel filed an unsigned Amended Complaint in this matter without leave of court or a certificate of service. The defendants have moved to dismiss the

Amended Complaint.

"It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) (citations omitted). The plaintiffs' claims have been dismissed without prejudice and ordered to arbitration. This case was dismissed, not stayed pending the resolution of arbitration proceedings. Any enforcement action on any arbitration award ultimately rendered would, necessarily, have to be filed in a separate action. There is nothing further before the court in regard to this claim and it cannot be revived without leave of court. There being no request to reopen this case to file an amended complaint, which likely would not be allowed in the face of the plaintiffs' total failure to comply with the order of arbitration, the defendants' motions should be granted.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendants' Motions to Dismiss and Strike Amended Complaint **[#s 28, 29 & 30]** are granted and this matter is dismissed without prejudice and that any other pending motions are denied as moot. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 17th day of September, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE